# IN THE UNITED STATES DISTRICT COURT DISTRICT OF SOUTH CAROLINA CHARLESTON DIVISION

| | |
|---|---|
| JORGE VALDEZ and FRANCES F. VALDEZ, individually and as husband and wife | ) ) ) ) |
| | ) **MDL NO. 2873** |
| **Plaintiff,** | ) ) **Master Docket No: 218-mn-2873** |
| | ) |
| v. | ) **JUDGE RICHARD GERGEL** ) |
| | ) **Civil Action No: 2:22-cv-00455-RMG** |
| 3M COMPANY; CHEMGUARD, INC.; MATLICK ENTERPRISES, INC. (d/b/a UNITED FIRE EQUIPMENT COMPANY); PERIMETER SOLUTIONS, LP; TYCO FIRE PRODUCTS, LP | ) ) ) ) ) ) |
| **Defendants.** | ) ) |

## PLAINTIFFS' MOTION TO SUBSTITUTE PARTY FOLLOWING SUGGESTION OF DEATH AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Frances F. Valdez, hereby files this Motion to Substitute Party Following Suggestion of Death and Incorporated Memorandum of Law pursuant to Federal Rule of Civil Procedure 25 and states as follows:

The Plaintiff, Jorge Valdez, died on May 17, 2023 and is survived by his wife Frances F. Valdez, who is the representative of Mr. Valdez's estate. A Suggestion of Death was filed into the record on May 26, 2023. *See* R. Doc. 3211. Federal Rule of Civil Procedure 25(a)(1) provides that:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and,

3592049v.1

together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties as provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

It is not necessary that the substitution of a party upon suggestion of death be effected within 90 days, only that a motion for substitution be made within that time. *See, Escareno v. Carl Nolte Sohne,* 773 F. 3d 407 (11th Cir. 1996). Therefore, Plaintiff's Motion is timely under Federal Rule of Civil Procedure 25(a). Under A.R.S. § 14-3110, Jorge Valdez's claims survive his death. Additionally, Frances F. Valdez maintains her loss of consortium claim.

As personal representative, Frances F. Valdez has standing under the circumstances of this case to prosecute this action on behalf of the estate of the decedent. In light of the foregoing, this Court should grant Plaintiff's motion for substitution of the proper party in this action.

Dated: July 19, 2023

By: */s/ Jason W. Burge*

FISHMAN HAYGOOD LLP
Kerry J. Miller
Jason W. Burge
Danielle Teutonico
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
Email: kmiller @fishmanhaygood.com
          jburge@fishmanhaygood.com
          dteutonico@fishmanhaygood.com

Lincoln Combs
O'STEEN & HARRISON, PLC
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424

3592049v.1

                                  Telephone: (602) 252-8888
                                  Facsimile: (602) 274-1209
                                  lcombs@vanosteen.com

                                  *Counsel for Frances F. Valdez*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this day 19th day of July, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a copy of the foregoing pleading to all counsel of record by notice of electronic filing.

                                    */s/ Jason W. Burge*

3592049v.1